IN THE SUPREME COURT OF THE STATE OF MONTANA

RE:  RULES OF THE SUPREME COURT:

ORDER

FILED

APR 6 - 1976

*Thomas J. Kearney*

CLERK OF SUPREME COURT
STATE OF MONTANA

PER CURIAM:

Pursuant to the power placed in this Court by Article VII, Section 2, of the Constitution of the State of Montana, the Court has undertaken a study with reference to the disqualification and substitution of judges.  The Court now proposes to adopt the following rule:

DISQUALIFICATION AND SUBSTITUTION OF JUDGES

Any justice, judge, or justice of the peace must not sit or act in any action or proceeding:

1.  To which he is a party, or in which he is interested;

2.  When he is related to either party by consaguinity or affinity within the sixth degree, computed according to the rules of law;

3.  When he has been attorney or counsel for either party in the action or proceeding, or when he rendered or made the judgment, order or decision appealed from;

4.  In a district court, when a motion for a substitution of a judge has been filed.  In a civil case, each adverse party is entitled to two substitutions of a judge.  In a criminal case, the state and each defendant is entitled to one substitution of a judge.

A motion for substitution of a judge shall be made by filing a written motion for substitution reading as follows: "The undersigned hereby moves for substitution of another judge for Judge _____ in this cause."  The clerk of court shall immediately give notice thereof to all parties and to the

- 1 -

judge named in the motion. Upon filing this said notice the judge named in the motion shall have no further power to act in the cause other than to call in another judge, which he shall do forthwith, and to set the calendar.

When a case is filed in a multi-judge district, it shall be the duty of the clerk of court to stamp the name of the judge to which the case is assigned on the face of the summons, order to show cause, or information and all copies thereof.

Whenever a judge is assigned a case for ten consecutive days and the attorneys of record on both sides have knowledge of the assignment for that period of time, and if during this time no motion for substitution of a judge is filed against him, all rights to move for substitution of a judge shall be deemed waived by all parties, unless the presiding judge disqualifies himself thereafter in which case the right to move for substitution of a judge is reinstated and the ten day period starts running anew.

Whenever an acceptance of jurisdiction is filed by a new judge it shall be the duty of the clerk of court, forthwith, to mail a copy thereof by certified mail with return receipt requested, to all attorneys of record. Service thereof may also be made by delivery of a copy personally, or by getting a written receipt from the attorneys therefor. Proof of service, however made, shall be stapled to the acceptance of jurisdiction, so served, in said file.

5. In a justice's court, when either party makes and files an affidavit that he cannot have a fair and impartial trial before such justice, by reason of the interest, prejudice or bias of the justice.

Each adverse party is entitled to file one such disqualification in a civil or criminal case.

When such a disqualifying affidavit is filed, the justice

- 2 -

named shall have no further power to act in the case, other than to call in another justice from the same county, or from an adjoining county if there is no other justice available in the same county, to hear the case.

6. When he has been disqualified for cause as hereinafter described:

Whenever a party to any proceeding in any Court makes and files a timely and sufficient affidavit that a judge or justice of the peace before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge or justice of the peace shall proceed no further therein, but another judge or justice of the peace shall be assigned to hear such disqualification proceeding by the chief justice of the Supreme Court, or by a district judge, if the affidavit is against a justice of the peace. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than twenty days before the original date of trial, or good cause shall be shown for failure to file it within such time. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

7. When a new trial is ordered in any case, whether by order of the district court or the Supreme Court, each adverse party shall be entitled to file one motion for substitution of a judge in the manner provided in paragraph 4, whether or not that party has previously filed motions for substitution of a judge. Such motions must be filed:

a. If the new trial has been ordered by the district court, within 10 days after the time for appealing the order has elapsed.

b. If the new trial has been ordered by the

Supreme Court, within 10 days after notice of receipt of the remittitur has been received by the respective parties from the clerk of the district court.

8.  The provisions of this rule shall not apply to any person in any cause involving a direct contempt of court.

If a person is charged with indirect contempt of court, the judge of the court against which the contempt is alleged to have been committed shall notify the chief justice of the Supreme Court, who shall appoint a judge of another district to hear and decide the charge.

9.  This rule supersedes and is to be used to the exclusion of sections 93-901, 93-2906(4), 93-2907, 93-6602(2) and 95-1709, R.C.M. 1947.

It is the intention of the Court to make this rule effective on July 1, 1976, it to apply to all actions filed on or after that date.

In order that members of the bench and bar may have an opportunity to familiarize themselves with the rule IT IS ORDERED that a copy of this order be published in the Bar Bulletin of the State Bar of Montana.  Should any member desire to express his views thereon the Court will be pleased to accept any such comments, in writing, filed in six copies with the chief justice on or before May 14, 1976.

DATED this 6th day of April, 1976.